IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JOSHUA C. CALLAHAN, | § | |
| | § | |
| Defendant Below, | § | No. 232, 2016 |
| Appellant, | § | |
| | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 0911003857 |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: June 28, 2016
Decided: August 22, 2016

Before **STRINE**, Chief Justice; **HOLLAND** and **SEITZ**, Justices.

## O R D E R

This 22nd day of August 2016, upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1) The appellant, Joshua C. Callahan, filed this appeal from the Superior Court's denial of his motion for reduction of sentence. The State of Delaware filed a motion to affirm the judgment below on the ground that it was manifest on the face of Callahan's opening brief that the appeal was without merit. We agree and affirm.

(2) The record reflects that, on May 5, 2010, Callahan pled guilty to Possession of Firearm During the Commission of a Felony, Robbery in the First

Degree, Conspiracy in the Second Degree, and two counts of Reckless Endangering in the First Degree. Callahan was sentenced to thirty-six years of Level V incarceration, suspended after eleven years and successful completion of the Greentree Program for decreasing levels of supervision. Callahan did not appeal the Superior Court's judgment.

(3) On March 28, 2016, Callahan filed his fifth motion for modification or reduction of sentence. The Superior Court denied the motion, finding that the sentence imposed was reasonable and appropriate and that there were no extraordinary circumstances to support consideration of Callahan's untimely motion. This appeal followed.

(4) This Court reviews the Superior Court's denial of a motion for reduction of sentence for abuse of discretion.[1] Under Superior Court Criminal Rule 35(b), a motion for reduction of sentence that is not filed within ninety days of sentencing, like Callahan's motion, will only be considered in extraordinary circumstances or under 11 *Del. C.* § 4217, which permits sentence reduction if the Department of Correction files an application for good cause shown and certifies that the offender does not constitute a substantial risk to the community or himself. Rule 35(b) also provides that the Superior Court will not consider repetitive requests for sentence modification.

---

[1] *State v. Lewis*, 797 A.2d 1198, 1202 (Del. 2002).

(5)     In his opening brief, Callahan argues that the Superior Court should have considered his exceptional rehabilitation efforts in prison as an extraordinary circumstance that justified reduction of his sentence.  "[P]articipation in educational and rehabilitative programs, while commendable, does not, in and of itself, constitute 'extraordinary circumstances' for purposes of Rule 35(b)."[2]  In addition, Callahan's motion for reduction of sentence was repetitive under Rule 35(b).  The Superior Court did not err therefore in denying Callahan's motion for reduction of sentence.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

---

[2] *DeShields v. State*, 2012 WL 1072298, at *1 (Del. Mar. 30, 2012) (citing *Morgan v. State*, 2009 WL 1279107, at *1 (Del. May 11, 2009)).